Nicholson, Ch. J.,
delivered the opinion of the court:
In 1853, Mary Armour conveyed to her daughter, Janet Lake, wife of Henry Lake, several tracts of land in Shelby county, “for and during her life, and for her sole and separate use, benefit, and control, exclusive of all debts, liabilities, and contracts of her husband; and at the death of said Janet Lake, said real estate is to he equally divided, and descend and -vest in fee simple amongst such children of said Janet Lake as she may leave surviving her; provided, that if any child die before the said Janet, leaving issue surviving him or her, such issue so living shall succeed to the share of the deceased parent; provided, too, said Janet shall have full power, at any time during her life, *166 to sell and convey in fee simple, by her sole and separate deed, any part or all of said real estate, and reinvest the proceeds in other property for her sole and separate nse, benefit, and control during her life, with remainder in fee simple to her children, or their issue, as above provided for.” In 1867 and 1868, Janet Late entered into an arrangement with her three children, then living — her husband, Henry Lake, having died — whereby she released and conveyed to her children her life estate in the several tracts of land, and on their part they released and conveyed to their mother all their remainder interest in twenty-five acres of the several tracts. The twenty-five acres were designated by metes and bounds, and the children agreed upon a partition of the residue, and executed to each other deeds of release and conveyance, whereby they took possession in severalty of their respective shares; their mother, Janet Lake retaining possession of the twenty-five acres relinquished and conveyed to her. In carrying out this arrangement, a tract of land of about fifty acres was set apart and conveyed in severalty to Thomas "W. Lake, one of the children, who went into possession of the same. Afterwards, Thomas W. Lake executed a deed of trust on twenty acres of his fifty acres, to Henry Craft, as trustee, to secure debts due to Janies Steele & Co., with power of sale by the trastee. Thomas W. Lake then died, leaving his mother, Janet. Lake, and his widow, and Henry Lake, his only child, surviving him. After the death of Thomas W. Lake, the trustee proceeded to foreclose the trust deed, by advertising the twenty acres for sale, when Henry Lake, by his next friend, filed this bill and enjoined the sale of the twenty acres upon the ground that the release and conveyance by Janet Lake, of her life estate to Thomas W. Lake, for the twenty acres, was null and void, and upon the further ground that as Thomas W. Lake died leaving his mother, Janet Lake, surviving him, his remainder interest descended and vested in his only child, Henry Lake; *167 and, therefore, that the conveyance by Thomas W. Lake, of the twenty acres to' Henry Craft, as trustee, was null and void. Chancellor Morgan was of opinion that Janet Lake had the right to convey her life estate to Thomas W. Lake, and that his conveyance to Craft, of the twenty acres, was valid as to Janet Lake’s life estate therein; and therefore he dismissed complainant’s hill so far as it enjoined the sale of Janet Lake’s life interest in the twenty acres, retaining the bill, however, as to all other matters. Erom this decree complainant has appealed.
The question to be decided is whether Janet Lake had such an interest in the twenty acres of land in controversy that she could legally convey it to' her son, Thomas W. Lake.' By the conveyance .of Mary Armour, she vested in Janet Lake a life estate in the several tracts of land for her sole and separate use, with no other power but'that of selling for reinvestment of the proceeds, with remainder to such of her children or grandchildren as might survive her. She was a married woman when the conveyance was made, but became discovert by the death of her husband before ,she released and conveyed her life estate to Thomas W. Lake. After the death of her husband the restrictions upon her power to dispose of her intérest, incident to a separate estate owned by a married woman, were removed, and she had full power to convey her life estate. Schouler’s Dom. Rel., 206; Miller v. Bingham, 1 Ired. Eq., 423; Pooley v. Webb, 3 Cold., 599; 1 Bish. Mar. Wom., sec. 817. This power of disposing of her interest after discoverture was not affected or enlarged by the power given to her in the deed of Mary Armour, to sell and convey for the purpose of reinvestment. It was not such an absolute power of disposition as would convert her life estate into a fee simple, and therefore could not affect the interests of the remaindermen. Deadrick v. Armour, 10 Hum., 588. It follows that Janet Lake made a valid conveyance of her life estate in the twenty acres to her *168 sod, Thomas W. Lake, and that he had a right to convey the same by deed of trust to Craft.
Upon his death his remainder interest alone descended to his only child, the complainant, who would hold the same subject to the contingency of surviving his grandmother, Janet Lake. This is such an interest as would authorize the filing of a bill, quia timet, to prevent irreparable injury to the interest, but not such interest as would authorize him to enjoin a sale of the life estate by the trustee. It is apparent that Thomas W. Lake conveyed to Craft believing that he had the entire estate, with the right of present possession, and that Janet Lake released her life estate in the land believing that the relinquishment by her children of their remainder interests in the twenty-five acres gave her a fee simple title thereto. But, if she was mistaken as to the extent of her title to the twenty-five acres, this mistake would not affect the validity of her conveyance of her life estate to Thomas W. Lake, especially as there is no pretense that there was any fraud or breach of trust either on her part or that of' Thomas W. Lake. We are therefore of opinion that there was no error in the decree of the chancellor, and the same is affirmed with costs.